UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA

Criminal No.: 18-cr-694

v.

Violation: 15 U.S.C. § 1

MASHNOON AHMED,

Defendant.

## PLEA AGREEMENT

The United States of America and Mashnoon Ahmed ("Defendant") hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

### RIGHTS OF DEFENDANT

1. The Defendant understands his rights:

   (a) to be represented by an attorney;

   (b) to be charged by Indictment;

   (c) to plead not guilty to any criminal charge brought against him;

   (d) to have a trial by jury, at which he would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for him to be found guilty;

   (e) to confront and cross-examine witnesses against him and to subpoena witnesses in his defense at trial;

   (f) not to be compelled to incriminate himself;

1

  (g)  to appeal his conviction, if he is found guilty; and

  (h)  to appeal the imposition of sentence against him.

## THE DEFENDANT'S AGREEMENT

2. Pursuant to Fed. R. Crim. P. 7(b), the defendant will waive indictment and plead guilty to a one-count Information to be filed in the United States District Court for the Southern District of Texas. The Information will charge the Defendant with participating in a conspiracy, the primary purpose of which was to suppress and eliminate competition by fixing and maintaining prices of customized promotional products, including wristbands, lanyards, temporary tattoos, and buttons, sold online, via telephone, or by other means (hereinafter "the online sale of customized promotional products"), in the United States and elsewhere from at least as early as May 2014 and continuing until at least June 2016 in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

3. The Defendant will plead guilty to the criminal charge described in Paragraph 2 above pursuant to the terms of this Plea Agreement and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 20 below.

## DEFENDANT'S AGREEMENT TO WAIVE CERTAIN RIGHTS

4. The Defendant knowingly and voluntarily waives the rights set out in subparagraphs 1(b)-(g) above. The Defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to any appeal or collateral attack raising any argument that (1) the statute to which he is pleading guilty is unconstitutional or (2) the admitted conduct does not fall within the scope of such statute. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a Defendant the right to appeal the conviction and sentence imposed.

Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers, regardless of how the sentence is determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). The Defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct. Consistent with Fed. R. Crim. P. 11(b)(1)(O), the Defendant recognizes that if he is not a citizen of the United States pleading guilty may have consequences with respect to his immigration status, including removal from the United States, denial of citizenship, and denial of admission to the United States in the future. Under federal law, a broad range of crimes are removable offenses, including the offense to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

## ELEMENTS OF THE OFFENSE

5. The elements of the charged offense are that:

    (a) the conspiracy described in the Information existed at or about the time alleged;

    (b) the Defendant knowingly became a member of the conspiracy; and

    (c) the conspiracy described in the Information either substantially affected interstate commerce in goods or services or occurred within the flow of interstate commerce in goods and services.

## PUNISHMENT RANGE

6. The Defendant understands that the statutory maximum penalty which may be imposed against him upon conviction for a violation of Section One of the Sherman Antitrust Act is:

    (a) a term of imprisonment for ten (10) years (15 U.S.C. § 1);

    (b) a fine in an amount equal to the greatest of (1) $1 million, (2) twice the gross pecuniary gain the conspirators derived from the crime, or (3) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (15 U.S.C. § 1; 18 U.S.C. § 3571(b) and (d)); and

    (c) a term of supervised release of three (3) years following any term of imprisonment. If the Defendant violates any condition of supervised release, the Defendant could be required to serve up to two (2) years in prison (18 U.S.C. § 3559(a)(3); 18 U.S.C. § 3583(b)(2) and (e)(3); and United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") §5D1.2(a)(2)).

## RESTITUTION

7.  Defendant understands that pursuant to U.S.S.G. §5E1.1 or 18 U.S.C. § 3663(a)(3) or § 3583(d), the Court may order him to pay restitution to the victims of the offense.

## MANDATORY SPECIAL ASSESSMENT

8.  Defendant understands that pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the Defendant to pay a $100.00 special assessment upon conviction for the charged crime.

## DEFENDANT'S COOPERATION

9.  The Defendant will cooperate fully and truthfully with the United States in the prosecution of this case, the current federal investigation of violations of federal antitrust and related criminal laws involving the online sale of customized promotional products in the United States, and any federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party (collectively "Federal Proceeding"). Federal Proceeding includes, but is not limited to, an investigation, prosecution, litigation, or other proceeding regarding obstruction of, the making of a false statement or declaration in, the commission of perjury or subornation of perjury in, the commission of contempt in, or conspiracy to commit such offenses in, a Federal Proceeding. The full, truthful, and continuing cooperation of the Defendant will include, but not be limited to:

    (a) producing all documents, including claimed personal documents, and other materials, wherever located, not protected under the attorney-client privilege or the work-product doctrine, in the possession, custody, or control of the Defendant, that are requested by attorneys and agents of the United States in connection with any Federal Proceeding;

5

(b) making himself available for interviews, not at the expense of the United States, upon the request of attorneys and agents of the United States in connection with any Federal Proceeding;

(c) responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), or conspiracy to commit such offenses;

(d) otherwise voluntarily providing the United States with any material or information not requested in (a) - (c) of this paragraph and not protected under the attorney-client privilege or work-product doctrine that he may have that is related to any Federal Proceeding; and

(e) when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making a false statement or declaration in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of justice (18 U.S.C. § 1503, *et seq.*).

## **GOVERNMENT'S AGREEMENT**

10. Subject to the full, truthful, and continuing cooperation of the Defendant, as defined in Paragraph 9 of this Plea Agreement, and upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence, the United States agrees that it will not bring further criminal charges against the Defendant for any act or offense committed before the date of signature of this Plea Agreement that (a) was

undertaken in furtherance of an antitrust conspiracy involving the online sale of customized promotional products in the United States or (b) is specified in subparagraphs 20(a)-(e) ("Relevant Offense"). The nonprosecution terms of this paragraph do not apply to (a) any acts of perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses; (b) civil matters of any kind; (c) any violation of the federal tax or securities laws or conspiracy to commit such offenses; or (d) any crime of violence.

## SENTENCING GUIDELINES

11. The Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider, in determining and imposing sentence, the Guidelines Manual in effect on the date of sentencing unless that Manual provides for greater punishment than the Manual in effect on the last date that the offense of conviction was committed, in which case the Court must consider the Guidelines Manual in effect on the last date that the offense of conviction was committed. The parties agree there is no *ex post facto* issue under the November 1, 2016, Guidelines Manual. The Court must also consider the other factors set forth in 18 U.S.C. § 3553(a) in determining and imposing sentence. The Defendant understands that the Court will make Guidelines determinations by applying a standard of preponderance of the evidence. The Defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). Pursuant to U.S.S.G. §1B1.8, the United States agrees that self-incriminating information that the Defendant provides to the United States subsequent to the execution of this

7

Plea Agreement will not be used to increase the volume of affected commerce attributable to the Defendant or in determining the Defendant's applicable Guidelines range, except to the extent provided in U.S.S.G. §1B1.8(b).

## SENTENCING AGREEMENT

12. Pursuant to Fed. R. Crim. P. 11(c)(1)(B), and subject to the full, truthful, and continuing cooperation of the Defendant, as defined in Paragraph 9 of this Plea Agreement, the United States agrees that:

(a) The parties will jointly recommend to the Court that the applicable Guidelines range should be calculated as follows:

| | |
|---|---|
| (1) Base Offense Level, U.S.S.G. §2R1.1(a) | 12 |
| (2) Volume of commerce attributable to the Defendant in excess of $10,000,000, U.S.S.G. §2R1.1(b)(2)(B) | + 4 |
| (3) Aggravating Role, U.S.S.G. §3B1.1(B) | + 3 |
| (4) Offense Level Total | 19 |
| (5) Fine, calculated as one to five percent of the volume of commerce, but not less than $20,000, U.S.S.G. §2R1.1(c)(1): | $20,000 |

(b) The United States agrees to recommend to the Court that the Defendant receive a two-level downward adjustment for acceptance of responsibility, and an additional one-level downward adjustment if the Court determines the offense level prior to the acceptance-of-responsibility adjustment to be 16 or higher. U.S.S.G. §3E1.1(a)-(b). However, should the United States obtain or receive evidence or information prior to sentencing that, in its sole discretion, it determines to be credible and materially in

conflict with this provision, then the United States will no longer be bound by this provision;

 (c) The United States and the Defendant understand that the Defendant's Criminal History Category is determined by the Court; but the parties are not aware of any information that would cause the Defendant's Criminal History Category to be higher than Category I; and

 (d) Subject to the foregoing provisions, the parties agree to recommend jointly to the Court that the Defendant's adjusted offense level be 16. The applicable Guidelines imprisonment range for offense level 16 is 21 to 27 months. The parties also agree to recommend jointly to the Court that the Defendant be fined $20,000.00.

13. Subject to the full, truthful, and continuing cooperation of the Defendant, as defined in Paragraph 9 of this Plea Agreement, and prior to sentencing in this case, the United States will fully advise the Court and the Probation Office of the fact, manner, and extent of the Defendant's cooperation and his commitment to prospective cooperation with the United States' investigation and prosecutions, all material facts relating to the Defendant's involvement in the charged offense, and all other relevant conduct. To enable the Court to have the benefit of all relevant sentencing information, the United States may request, and the Defendant will not oppose, that sentencing be postponed until his cooperation is complete.

14. If the United States determines that the Defendant has provided substantial assistance in any investigations or prosecutions, and has otherwise fully complied with all of the terms of this Plea Agreement, it reserves the right to file a motion, pursuant to U.S.S.G. §5K1.1, for a downward departure. In any such motion, the United States will not recommend a downward departure of more than 5 points. The Defendant acknowledges that the decision

whether he has provided substantial assistance in any investigations or prosecutions and has otherwise complied with the terms of this Plea Agreement is within the sole discretion of the United States. It is understood that, should the United States determine that the Defendant has not provided substantial assistance in any investigations or prosecutions, or should the United States determine that the Defendant has violated any provision of this Plea Agreement, or if the recommended departure, if any, does not meet the defendant's expectations, the Defendant understands he remains bound by the terms of this Agreement, and may not withdraw his guilty plea once it has been entered. The Defendant further understands that, whether or not the United States files a motion pursuant to U.S.S.G. §5K1.1, the sentence to be imposed on him remains within the sole discretion of the sentencing judge.

15. The parties agree to recommend jointly that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. §5K2.0. The Defendant is free, however, to ask the Court to consider the factors set forth in 18 U.S.C. §3553(a) in determining and imposing sentence; the Defendant understands that the United States may oppose the Defendant's sentencing recommendation based on those factors.

16. The parties agree not to seek at the sentencing hearing any Sentencing Guidelines adjustment for any reason that is not set forth in this Plea Agreement. The Defendant understands that all party recommendations as to Sentencing Guidelines application and ultimate sentence are merely recommendations; all decisions as to Sentencing Guidelines application and ultimate sentence in this case will be made by the Court.

17. Pursuant to Fed. R. Crim. P. 11(c)(1)(B) and subject to the full, truthful, and continuing cooperation of the Defendant, as defined in Paragraph 9 of this Plea Agreement, the United States agrees that it will recommend, as the appropriate disposition of this case, that the Court impose a sentence consistent with Paragraphs 12, 13, 14, and 15 of this Plea Agreement.

18. The Defendant understands that the United States will oppose any recommendation that does not include a fine and a sentence of imprisonment. The United States will not object to the Defendant's request that the Court make a recommendation to the Bureau of Prisons that the Bureau of Prisons designate that the Defendant be assigned to a Federal Minimum Security Camp to serve his sentence and that the Defendant be released following the imposition of sentence to allow him to self-surrender to the assigned prison facility on a specified date.

19. The United States and the Defendant understand that the Court retains complete discretion to accept or reject either party's sentencing recommendation provided for in Paragraph 12 of this Plea Agreement, and to decide any motion submitted by the United States as provided for in Paragraph 14 of this Plea Agreement. The Defendant understands that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court does not impose either party's sentencing recommendation contained in this Agreement, he nevertheless has no right to withdraw his plea of guilty.

## FACTUAL BASIS FOR OFFENSE CHARGED

20. Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts:

    (a) For purposes of this Plea Agreement, the "relevant period" is that period from at least as early as May 2014 and continuing until at least June 2016. During the relevant period, the Defendant was an owner and Chief Executive Officer of Netbrands

11

Media Corp., d/b/a 24hourwristbands.com and imprint.com (herein "the Company"). During the relevant period, the Company was a corporation organized and existing under the laws of Texas and with its principal place of business in Houston, Texas. During the relevant period, Defendant was engaged in the online sale of customized promotional products to charities, churches, campaigns, and small businesses, among others, in the United States and elsewhere. Customized promotional products are products of assorted materials—including wristbands, lanyards, buttons, and temporary tattoos, among others—that can be customized to customer specifications. During the relevant period, the Company's sales of customized promotional products to United States customers affected by the conspiracy totaled at least $41,869,791.

(b) During the relevant period, the Defendant conspired with other persons and entities engaged in the online sale of customized promotional products, the primary purpose of which was to fix prices for online sales of customized promotional products, including wristbands, lanyards, buttons, and temporary tattoos, in the United States and elsewhere. In furtherance of the conspiracy, the Defendant engaged in discussions, attended in-person meetings and otherwise communicated via phone, e-mail, text message, and social media platforms with representatives of other providers of online sales of customized promotional products in the Southern District of Texas and elsewhere. During these discussions, in-person meetings and communications, the Defendant and others agreed to fix the prices of online sales of customized promotional products in the United States and elsewhere.

(c) For example, the Defendant met with multiple competitors at a restaurant in May 2014 and agreed to fix prices of online sales of customized promotional products

in the United States and elsewhere. Thereafter, the Defendant regularly communicated with his competitors to fix prices. For example, in an October 2015 text exchange, the Defendant agreed with his competitors to eliminate a price discount. Additionally, in December 2015, the Defendant invited another competitor to join the price-fixing conspiracy. The Defendant continued to have collusive communications with his competitors throughout the relevant time period in person, via telephone, e-mail, text message, and other messaging applications, discussing further agreements to match or raise prices to create more profitability for himself and his competitors.

  (d) During the relevant period, customized promotional products sold by one or more of the conspirator companies, and the equipment and supplies necessary to the production and distribution of online sales of customized promotional products, as well as payments for online sales of customized promotional products, traveled in interstate commerce. The business activities of the Defendant and his co-conspirators in connection with the production and online sale of customized promotional products that were the subject of this conspiracy were within the flow of, and substantially affected, interstate trade and commerce.

  (e) Defendant and his co-conspirators carried out acts in furtherance of this conspiracy within the Southern District of Texas. These included certain conspiratorial in-person meetings, discussions, and communications described above. Online sales of customized promotional products at agreed upon and fixed prices that were the subject of this conspiracy were also conducted by one or more of the conspirators to customers in this District.

## **VIOLATION OF PLEA AGREEMENT**

21. The Defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the Defendant has failed to provide full, truthful, and continuing cooperation, as defined in Paragraph 9 of this Plea Agreement, or has otherwise violated any provision of this Plea Agreement, the United States will notify counsel for the Defendant in writing by personal or overnight delivery or e-mail and may also notify counsel for the Defendant by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the Defendant will be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offense relating to the investigation resulting in this Plea Agreement. The Defendant agrees that, in the event that the United States is released from its obligations under this Plea Agreement, and brings criminal charges against the Defendant for any Relevant Offense, the statute of limitations period for such offense will be tolled for the period between the date of signature of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

22. The Defendant understands and agrees that in any further prosecution of him resulting from the release of the United States from its obligations under this Plea Agreement because of the Defendant's violation of this Plea Agreement, any documents, statements, information, testimony, or evidence provided by him to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against him. In addition, the Defendant unconditionally waives his right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## REPRESENTATION BY COUNSEL

23. The Defendant has reviewed all legal and factual aspects of this case with his attorney and is fully satisfied with his attorney's legal representation. The Defendant has thoroughly reviewed this Plea Agreement with his attorney and has received satisfactory explanations from his attorney concerning each paragraph of this Plea Agreement and alternatives available to the Defendant other than entering into this Plea Agreement. After conferring with his attorney and considering all available alternatives, the Defendant has made a knowing and voluntary decision to enter into this Plea Agreement.

## VOLUNTARY PLEA

24. The Defendant's decision to enter into this Plea Agreement, and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement. The United States has made no promises or representations to the Defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## COMPLETE AGREEMENT

25. This Plea Agreement, including the attached addendum of the Defendant and his attorney, constitutes the entire agreement between the United States and the Defendant concerning the disposition of the criminal charge in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the Defendant.

26. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

27. A facsimile or PDF signature will be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

Filed at Houston, Texas, on **January 8, 2018.**

_____
DEFENDANT MASHNOON AHMED

Subscribed and sworn to before me on **January 8, 2018.**

DAVID J. BRADLEY
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

RYAN K. PATRICK

UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF TEXAS

BY: _____
Vernon Lewis
Deputy Criminal Chief, Fraud Section

BY: _____
David Isaak
Smyser Kaplan & Veselka, L.L.P.
Bank of America Center
700 Louisiana St. #2300
Houston, TX 77002
(713) 221-2352
Counsel for Mashnoon Ahmed

BY: _____
Justin P. Murphy
Danielle M. Garten
Trial Attorneys, Washington Criminal I
U.S. Department of Justice
Antitrust Division
450 5th Street NW
Washington, DC 20530
Tel: (202) 598-8670

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**UNITED STATES OF AMERICA**  Criminal No.: 18-cr-694

v.  Violation: 15 U.S.C. § 1

**MASHNOON AHMED,**

Defendant.

### PLEA AGREEMENT - ADDENDUM

I have fully explained to Defendant his rights with respect to the pending Information. I have reviewed the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> and <u>Policy Statements</u> and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this Plea Agreement with Defendant. To my knowledge, Defendant's decision to enter into this Agreement is an informed and voluntary one.

_____  _1/8/19_____
David Isaak, Attorney for Defendant  Date

17

I have consulted with my attorney and fully understand all my rights with respect to the Information pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> which may apply in my case. I have read and carefully reviewed every part of this Plea Agreement with my attorney. I understand this Agreement and I voluntarily agree to its terms.

_____    _1/8/19_____
Mashnoon Ahmed, Defendant                    Date